**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ACCELERATED INVENTORY
MANAGEMENT, LLC,

    Plaintiff,

v.

                                                         Case No. 5:23-cv-367-MMH-PRL

NANCY GOLLY,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Interpleader's Notice of Removal to Federal Jurisdiction Under 28 U.S.C. §§ 1333 and 1335 (Doc. 1; Notice), filed on June 14, 2023. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir.

2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Here, Defendant Nancy Dawn Golly, purporting to act as the trustee of the ByGolly Revocable Living Trust, and referring to herself as "Interpleader," appears to contend that this Court has subject matter jurisdiction over this action based on the Court's admiralty jurisdiction under 28 U.S.C. § 1333, and the Court's interpleader jurisdiction under 28 U.S.C. § 1335.  See Notice at 2, 7-8, 11.[1]  Defendant is plainly mistaken.

Plaintiff Accelerated Inventory Management, LLC (Plaintiff) initiated this case on March 10, 2022, by filing a one-complaint for breach of contract in the Circuit Court, in and for Lake County, Florida.  See Complaint (Doc. 1-1). In the Complaint, Plaintiff alleges that Defendant Nancy Golly entered into a consumer loan agreement with its predecessor-in-interest and has defaulted on her obligation to make payments under the agreement.  See Complaint ¶¶ 5-7.

---

[1] To the extent Defendant purports to remove this action in her capacity as the trustee of the ByGolly Revocable Living Trust, removal is improper as the trustee is not a party to the underlying case.  Regardless, even assuming Defendant intended to remove this action in her own name, it is due to be remanded as the Court lacks subject matter jurisdiction.

As the successor-in-interest and assignee of the account, Plaintiff seeks a judgment in the amount of $35,347.86. Id. ¶¶ 8-9. Defendant attempted to remove the action to this Court on June 14, 2023. See generally Notice. Upon review, the Court finds that this case is due to be remanded because the Court lacks subject matter jurisdiction over this action. Plaintiff asserts a straightforward breach of contract claim in the Complaint which plainly does not implicate this Court's admiralty[2] or interpleader jurisdiction,[3] nor any other basis for federal subject matter jurisdiction.[4]

---

[2] Defendant appears to believe this case involves "property taken as a prize" within the meaning of 28 U.S.C. § 1333(2). See Notice at 2. However, "[t]he 'prizes' referred to are maritime prize cases, as section 1333 deals with federal jurisdiction over admiralty law." See Green Tree Serv. LLC v. Trujillo, No. 3:18-cv-01146-MO, 2018 WL 4742507, at *2 (D. Or. Oct. 2, 2018); see also Louisiana v. Jackson, No. CIV.A. 14-687-JWD, 2015 WL 1474509 (M.D. La. Mar. 30, 2015); Bank of Am., N.A. v. Goldberg, No. CV 19-00076 LEK-KJM, 2019 WL 1586747 (D. Haw. Apr. 12, 2019).

[3] In the underlying proceeding, Plaintiff seeks to collect from Defendant money purportedly owed to it under a contract. Thus, this is not a "civil action of interpleader or in the nature of interpleader . . . ." See 28 U.S.C. § 1335(a); see also Interpleader, Black's Law Dictionary (11th ed. 2019) ("A suit to determine a right to property held by a usu. disinterested third party (called a stakeholder) who is in doubt about ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership."). Moreover, Defendant makes no attempt to show that "[t]wo or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to" the money involved, as required to establish interpleader jurisdiction. See 28 § 1335(a)(1) (emphasis added).

[4] To the extent Defendant seeks to invoke the Court's diversity jurisdiction, see Notice at 1-2, 5, she fails to properly allege Plaintiff's citizenship, see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam), and makes no attempt to allege her own citizenship. In addition, she fails to plausibly allege that the amount in controversy is satisfied. Indeed, the Complaint unequivocally demonstrates to the contrary.

As such, upon review of the Notice and Complaint, the Court determines that it lacks subject matter jurisdiction over this action and removal is improper.  Accordingly, it is

**ORDERED**:

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court, in and for Lake County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers on June 16, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

Lake County Clerk of Court